UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**CATHERINE TODD,**             CASE NO.:

**Plaintiff,**

v.

**FORWARD AIR, INC.,**

**Defendant.**
_____/

DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL

Defendant, Forward Air, Inc. (Defendant), by and through its undersigned attorneys, and in accordance with the applicable Federal Rules of Civil Procedure, Rule 7.2 of the Local Rules of the United States District Court for the Northern District of Florida, and Title 28 of the United States Code §§ 1331, 1441 and 1446, hereby files this Notice of and Petition for Removal. Defendant requests that this Court remove the civil action from the Circuit Court of the Fourteenth Judicial Circuit, in and for Washington County, Florida, to the United States District Court for the Northern District of Florida, Panama City Division. The grounds for removal of this civil action are set forth below.

I.      INTRODUCTION

Plaintiff, Catherine Todd ("Plaintiff"), a former employee of Defendant, brought this action on or about November 3, 2022, in the Circuit Court for the

1

Fourteenth Judicial Circuit, in and for Washington County, Florida, under the name and style, Catherine Todd v. Forward Air, Inc. (the "Circuit Court Case"). Defendant was served with the Complaint on February 1, 2023. Copies of all process, pleadings, and other papers on file in the Circuit Court Case are attached hereto as "Composite **Exhibit "A"** as required by 28 U.S.C. § 1446(a) and Local Rule 7.2 of the U.S. District Court for the Northern District of Florida. In the Complaint, Plaintiff alleged violations of the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"). *See* Comp. Ex. "A," Compl. at ¶ 1. In the Civil Cover Sheet filed in the Circuit Court Case, Plaintiff indicated that the amount in controversy is over $30,000. *See* Comp. Ex. "A."

The United States District Court for the Northern District of Florida, Panama City Division, encompasses the judicial district in which Plaintiff filed the Complaint. Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a) and Local Rule 3.1(B) of the U.S. District Court for the Northern District of Florida. This Notice of and Petition for Removal has been timely filed within 30 days of the date of service of the Complaint. 28 U.S.C. § 1446(b)(1).

Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the removal to Plaintiff and will file a copy of this Notice of and Petition for Removal in the Fourteenth Judicial Circuit, in and for Washington County, Florida.

As set forth herein, the Circuit Court Case is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332(a) because diversity exists among the parties and the amount in controversy exceeds $75,000.[1]

## II. REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

### A. Standard for Removal Based on Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Where the basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the defendant has the burden of demonstrating: (1) complete diversity of citizenship; and (2) an amount in controversy greater than $75,000 by a preponderance of the evidence. *McAndrew v. Nolen*, No. 3:08-cv-294/MCR/MD, 2009 U.S. Dist. LEXIS 11083, at *6 (N.D. Fla. Feb. 4, 2009).

### B. Complete Diversity of Citizenship Exists Between the Parties

For purposes of diversity jurisdiction, "[c]itizenship is equivalent to 'domicile.'" *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). An individual is a citizen of the state in which she is domiciled, which is the state where

---

[1] Pursuant to a Mandatory Arbitration Agreement, Plaintiff's claims are required to be arbitrated. Defendant has notified Plaintiff's counsel of the Arbitration Agreement and is awaiting a response as to whether Plaintiff will agree to arbitration of her claims. If Plaintiff does not agree, however, Defendant intends to promptly move to compel arbitration of Plaintiff's claims. Defendant expressly reserves the right to compel arbitration and does not, in seeking to remove the Circuit Court Case to this Court, waive its right to compel arbitration. *See, e.g. Conklin v. Onebeacon Am. Ins. Co.*, 2018 U.S. Dist. LEXIS 135716 (M.D. Fla., May 31, 2018), *adopted by Conklin v. Onebeacon Am. Ins. Co.*, 2018 U.S. Dist. LEXIS 135714 (M.D. Fla., August 2, 2018).

3

the individual maintains her "true, fixed, and permanent home and principal establishment, and to which [s]he has the intention of returning whenever [s]he is absent therefrom." *Id*. at 1257-58 (internal quote and citation omitted). A corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

1. *Plaintiff is a Citizen of the State of Florida.*

Plaintiff alleges that, at all times pertinent hereto, she was a resident of the State of Florida and was employed by Defendant. Comp. Ex. "A," Compl. at ¶ 3. In addition, a LexisNexis Accurint for Legal Professionals Comprehensive Report ("Accurint Report") shows that Plaintiff's active address as of March 2023 was in Washington County, Florida. Attached hereto as **Exhibit "B"** is Declaration of Virginia Jones in Support of Defendant's Notice of Removal. *See* **Ex. B**, Jones Decl. at ¶ 2.

The Accurint Report further shows that Plaintiff is actively registered to vote in the State of Florida and has been exclusively registered to vote in Florida since 2001. *See* **Ex. B**, Jones Decl. at ¶ 3.  The Accurint Report also shows Plaintiff has owned property located in Vernon, Florida, Washington County, since July 10, 2018. *See* **Ex. B**, Jones Decl. at ¶ 4. Further, the Accurint Report shows that Plaintiff

maintains an active Driver's License issued by the State of Florida on August 9, 2022. *See* **Ex. B**, Jones Decl. at ¶ 5.

Defendant is not aware of any evidence to suggest that Plaintiff is domiciled in a state other than Florida. Defendant submits that it has presented sufficient information to show that the State of Florida is the place of Plaintiff's "true, fixed, and permanent home and principal establishment . . . to which [s]he has the intention of returning whenever [s]he is absent therefrom." *McCormick*, 293 F.3d at 1257-58. *See Jakobot v. Am. Airlines, Inc.*, No. 10-61576-CIV-LENARD, 2011 U.S. Dist. LEXIS 64824, at *10-11 (S.D. Fla. June 20, 2011) ("The Court makes this [citizenship decision] based on the location of Plaintiff's real property . . . voter registration, vehicle registration and tax filings.").

2. *Defendant is a Citizen of the State of Tennessee.*

Defendant, Forward Air Inc., has its principal place of business in Greeneville, Tennessee, and is organized under the laws of Tennessee. *See* Declaration of Judy Massey, ¶ 4, a copy of which is attached as **Exhibit "C."** Defendant is, therefore, and has been at all times relevant to this lawsuit, a citizen of the state of Tennessee. *See* 28 U.S.C. § 1332(c)(1).[2]

---

[2] Defendant maintains that it has been improperly named as a party in this action and that the proper defendant, as Plaintiff's employer, is Forward Air Services, LLC ("FAS, LLC"). FAS, LLC is a single member limited liability company organized under the laws of the State of Delaware with its principal place of business located in Grenville, Tennessee. The sole member of FAS, LLC is Defendant, Forward Air, Inc., which, as set forth above, is a citizen of the State of Tennessee. Massey Decl. at ¶ 5. Therefore, regardless of whether Defendant or FAS, LLC is

Accordingly, because Plaintiff is a citizen of the State of Florida, and Defendant is a citizen of the state of Tennessee, Defendant has satisfied its burden of showing there is complete diversity of citizenship among the parties. *See Grant v. Pottinger-Gibson,* No. 0:15-cv-61150-KMM, 2017 U.S. Dist. LEXIS 111695, *7 (S.D. Fla. July 17, 2017) (a minimal showing of domicile and citizenship supports a finding that diversity exists and removal is proper).

### C.   The Amount in Controversy Exceeds $75,000[3]

Plaintiff's Complaint filed in the Circuit Court Case indicates that the amount in controversy exceeds $75,000, as she alleges that each claim, ***individually***, exceeds $30,000.00, exclusive of costs and interest, and she is bringing a total of four (4) claims. *See* Comp. Ex. "A," Compl. at ¶ 2 (emphasis added). In addition, the damages claimed by Plaintiff indicate that the amount in controversy requirement is met. Plaintiff alleges the following categories of damages: "emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost

---

considered the proper defendant, diversity exists. *See Landmark Infrastructure Holding Col LLC v. N. Ga. Speculators, LLC*, No. 21-13818-DD, 2022 U.S. App. LEXIS 9535, at *7 (11th Cir. Apr. 8, 2022) (a limited liability company is a citizen of any state of which a member of the company is a citizens).

[3] Defendant does not concede that Plaintiff will prevail in this civil action or recover the amounts in controversy discussed in this Notice of and Petition for Removal or any amount. Indeed, any inquiry into whether Plaintiff may actually recover the jurisdictional amount in controversy is unnecessary and inappropriate for purposes of removal. "For the purposes of establishing jurisdiction, it is enough to show that [s]he could." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 732 (11th Cir. 2014).

back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and punitive damages." *See* Comp. Ex. "A," Compl. at ¶¶ 31, 39, 46, 56, WHEREFORE clause at p. 9-10.

"Where the plaintiff has not [pled] a specific amount of damages . . . the defendant is required to show by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *Kirkland v. Midland Mtg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). While courts may not speculate or guess as to the amount in controversy, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Cowan v. Genesco, Inc.*, No. 3:14-cv-261-J-34JRK, 2014 U.S. Dist. LEXIS 95412, *6 (M.D. Fla. July 14, 2014) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)). A court need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Pretka*, 608 F.3d at 770 (internal quotations and citations omitted). "[I]f a removing defendant makes specific factual allegations establishing jurisdiction and can support them . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations[,] that kind of reasoning is not akin to conjecture, speculation, or star

gazing." *Id.* at 754. The defendant "need only prove the jurisdictional facts necessary to establish that . . . damages in an amount necessary to reach the jurisdictional minimum are at issue – that is, that such damages *could be* awarded." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014).

1. <u>*Back Pay and Front Pay.*</u>

In the event Plaintiff prevails on her claims under the FCRA, she would be presumptively entitled to recover damages for back pay. § 760.11(5), Fla. Stat. "For the purpose of estimating the amount in controversy, the plaintiff's potential back pay award may computed from the date of the adverse employment action until the proposed trial date, less mitigation." *Avalos v. SDI of Gulf Breeze*, No. 3:10cv453/MCR/EMT, 2010 U.S. Dist. LEXIS 152378, at *6 (N.D. Fla. Dec. 15, 2010) (citation omitted). A trial date of approximately twelve months from the date of the removal is customary. *Deel v. Metromedia Rest. Servs.*, No. 3:05-cv-120-MCR, 2006 U.S. Dist. LEXIS 10174, *15, n.8 (N.D. Fla. Feb. 27, 2006).

Plaintiff's employment with Defendant was separated on or about January 11, 2019. At the time of her separation from employment, Plaintiff earned, on average, approximately $941 per week. *See* Massey Decl. at ¶ 3. Plaintiff's potential back pay can be determined by calculating her lost wages from the date she was terminated through the date of trial. At the time of removal, Plaintiff could be eligible for approximately **$204,000** in back pay. Further, when conservatively applied to an

8

estimated trial date of March 4, 2024 (12 months from removal), Plaintiff could be entitled to approximately 269 weeks of back pay damages, or approximately **$253,129**.

Courts have previously held that it is reasonable to add one year of front pay to the amount in controversy in a discrimination case. *See Gonzalez v. Honeywell Int'l, Inc.*, No. 8:16-cv-3359-T-30TGW, 2017 U.S. Dist. LEXIS 5837, *6 (M.D. Fla. Jan. 17, 2017) (citing cases). While Defendant maintains that Plaintiff should not receive any relief in this case, one year of front pay damages would conservatively amount to an estimated **$48,900**. The combined amount of back pay and front pay damages that Plaintiff put in controversy in this case totals more than **$250,000.** Accordingly, the amount in controversy requirement is satisfied considering wage loss damages alone.

2. *Compensatory Damages.*

Plaintiff additionally seeks compensatory damages, including damages for "emotional distress, mental pain and suffering," "mental anguish, [and] loss of enjoyment of life." *See* Comp. Ex. "A," Compl. at ¶¶ 35, 63.

Under the FCRA, a prevailing plaintiff may be awarded compensatory damages, including damages for mental anguish, loss of dignity, and any other intangible injuries. § 760.11(5), Fla. Stat. The FCRA does not cap compensatory damages. *Id.* When calculating the amount in controversy for compensatory

9

damages, including those based on emotional distress, it is not necessary for courts to "pinpoint the exact dollar figure of each of these forms of relief to recognize that their value adds thousands of dollars to the amount in controversy." *Gonzalez v. Honeywell Int'l, Inc.*, No. 8:16-cv-3359-T-30TGW, 2017 U.S. Dist. LEXIS 5837, *7 (M.D. Fla. Jan. 17, 2017). However, it is appropriate to consider compensatory damage awards, including those based on emotional distress, in prior similar cases. *See, e.g., Schmidt v. Pantry, Inc.*, No. 1:11-cv-228-SPM-GRJ, 2012 U.S. Dist. LEXIS 53530, *10 (N.D. Fla. Mar. 5, 2012), *adopted by* 2012 U.S. Dist. LEXIS 53529 (N.D. Fla. Apr. 17, 2012). Juries have awarded compensatory damages in similar employment discrimination cases at or greater than the jurisdictional threshold. *See Reilly v. Duval County*, No. 3:04-cv-1320-J-32MCR, 2007 U.S. Dist. LEXIS 52926 (M.D. Fla. July 23, 2007) (jury awarded $75,000 for mental distress damages under the FCRA); *Copley v. BAX Global, Inc.*, 97 F. Supp. 2d 1164 (S.D. Fla. 2000) ($100,000 in emotional distress damages awarded).

Based on the foregoing, in the instant case, it is reasonable for this Court to consider a conservative estimate of approximately **$30,000.00** in compensatory damages for the purpose of determining the amount in controversy.

   3. *Punitive Damages.*

Plaintiff additionally seeks to recover punitive damages. *See* Comp. Ex. "A," Compl. at ¶¶ 31, 39, 46, 56. Punitive damages of up to $100,000 are available under

the FCRA. § 760.11(5), Fla. Stat. Plaintiff does not allege or otherwise indicate that she is seeking less than the maximum amount of punitive damages recoverable under the FCRA, therefore, it is appropriate to include the full **$100,000** amount authorized by the FCRA. *See Gonzalez*, 2017 U.S. Dist. LEXIS 5837 at *6-7.

    4. *Attorney's Fees.*

Plaintiff also seeks recovery of attorneys' fees. *See* Comp. Ex. "A", Compl., WHEREFORE clause at p. 10. An award of attorney's fees is permitted to the prevailing party under the FCRA. § 760.11(5), Fla. Stat. "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *see also Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000). An estimate of legal fees through trial is appropriate. *See, e.g., Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1352-1353 (M.D. Fla. 2008).

Defendant conservatively estimates that Plaintiff's counsel could be expected to expend at least 125 hours litigating this action through trial, which would include depositions of witnesses, drafting and answering discovery, dispositive motion practice, and preparing for and attending a multiple day trial. Even at a conservative hourly rate of $250, Plaintiff would incur at least **$31,250.00** in attorneys' fees.

This estimate is consistent with how district courts in the Eleventh Circuit have defined "reasonableness" in terms of hours spent litigating similar cases and

the range of hourly rates in cases involving employment disputes. *See, e.g., St. Fleur v. City of Ft. Lauderdale*, 149 F. App'x 849, 854 (11th Cir. 2005) (affirming reduction of attorneys' fee award by only thirty percent when plaintiff's attorneys claimed they billed 1,500 hours litigating Title VII claims through trial); *Holland v. Gee*, 2012 U.S. Dist. LEXIS 164956, *16-17 (M.D. Fla. Oct. 23, 2012) (finding that 260.8 hours billed by lead attorney at $200 per hour and 190.8 hours billed by associate attorney at $150 per hour through trial was reasonable in FCRA case). Accordingly, the attorney's fees estimate should also be included in the determination of the amount in controversy.

    5. *Total Amount in Controversy.*

While Defendant disputes the allegations set forth in the Complaint, including Plaintiff's claims for damages, the amount in controversy clearly exceeds the $75,000 jurisdictional threshold for diversity jurisdiction.

**WHEREFORE**, Defendant requests that this Court accept the removal of this action from the Circuit Court of the Fourteenth Judicial Circuit and further direct that the Circuit Court have no further jurisdiction over this action.

Dated March 3, 2023.

>Respectfully submitted,
>
>By: /s/ Lori K. Mans
>Lori K. Mans, Esq.
>Florida Bar No. 012024
>Melanie Baker, Esq.
>Florida Bar No. 1032041
>**JACKSON LEWIS, P.C.**
>501 Riverside Avenue, Suite 902
>Jacksonville, FL 32202
>(904) 638-2655
>lori.mans@jacksonlewis.com
>melanie.baker@jacksonlewis.com
>kathy.corbin@jacksonlewis.com
>
>*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of March 2023, a true and correct copy of the foregoing has been filed with the Court by using the CM/ECF system and a copy will also be sent via e-mail to:

>Marie A. Mattox
>MARIE A. MATTOX, P.A.
>203 N. Gadsden Street
>Tallahassee, FL 32301
>marie@mattoxlaw.com
>marlene@mattoxlaw.com
>michelle@mattoxlaw.com
>
>*Counsel for Plaintiff*
>
>/s/ Lori K. Mans
>Lori K. Mans, Esq.

4873-4498-6708, v. 1